UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JANE DOE 1,

          Plaintiff,

     v.

UNITED STATES OF AMERICA, et al.,

          Defendants.

Case No.  26-cv-02624-VKD

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**

Re: Dkt. No. 2

Plaintiff, proceeding under the pseudonym "Jane Doe 1," filed this proposed class action "individually and on behalf of a class of all Jeffrey Epstein survivors whose personally identifying information ('PII') was wrongfully disclosed" in recent releases by the U.S. Department of Justice. *See* Dkt. No. 1 ¶¶ 1, 2, 4.  In addition to the United States, the complaint also names as a defendant Google LLC ("Google"), which allegedly "continues to display [p]laintiff and Class members' PII in search results and AI-generated content, despite having actual knowledge of the unauthorized and unlawful nature of the disclosure and the severe harm to [p]laintiff and Class members, who are crime victims entitled to privacy protections under federal and state law." *Id*. ¶ 5.  The complaint asserts a claim against the United States for violation of the Privacy Act of 1974, 5 U.S.C. § 552a, as well as claims against Google for violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.) and for invasion of privacy, negligence, and negligent infliction of emotional distress.  *See* Dkt. No. 1.

Now pending before the Court is Jane Doe 1's motion to proceed under that pseudonym in this litigation.  Dkt. No. 2.  Google has not yet appeared in this matter.  In her motion, plaintiff notes that she "intends to file a formal motion to proceed under a pseudonym after completing

United States District Court
Northern District of California

service on [d]efendants so as to determine whether they would oppose [her] request. Alternatively, she requests that the Court permit defendants to "later file a motion to compel disclosure of [p]laintiff's true name if they can make a good faith showing of prejudice." *See id*. at 3 n.1.[1]  The Court finds Jane Doe 1's motion suitable for determination without oral argument. Civil L.R. 7-1(b).  After reviewing the complaint and considering the arguments raised in her brief, the Court grants Jane Doe 1's motion to proceed pseudonymously for the reasons set forth below.

A defendant's due process right to confront an adversary and the public's right of access to judicial proceedings require that, in most cases, individuals filing lawsuits do so in their own names.  *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042-43 (9th Cir. 2010); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *see also* Fed. R. Civ. P. 10(a)) (requiring that "[t]he title of every complaint must name all the parties").  However, in the "unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment," parties may use pseudonyms.  *Advanced Textile Corp.*, 214 F.3d at 1067-68 (quotation modified; citation omitted).  A party may proceed anonymously when his or her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Id.* at 1068.  The Ninth Circuit has identified three circumstances where this may be the case: "(1) when identification creates a risk of retaliatory physical or mental harm"; "(2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature"; or "(3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution."  *Id.* (quotation modified; citations omitted).  When a party fears retaliation, courts "should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation."  *Id*.  District courts have broad discretion to determine whether a plaintiff may proceed anonymously.  *See id.*; *Kamehameha*

---

[1] All pin citations to plaintiff's motion refer to the page number appearing in the ECF header on court filings.

*Schools*, 596 F.3d at 1045-1046.

Here, Jane Doe 1 has shown that anonymity is necessary to preserve privacy, in view of the sensitive and highly personal nature of her allegations.  In matters involving sexual abuse or assault, courts "have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity." *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-cv-02589-JSC, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018) (allegations of sexual assault by special education teacher); *see also A.V. v. AvalonBay Communities, Inc.*, No. 26-cv-00088-TSH, 2026 WL 35833 (N.D. Cal. Jan. 6, 2026) (allegations of sex trafficking beginning when plaintiff was a minor); *Fiona v. Wu*, No. 24-cv-06015-SVK, 2024 WL 4048869 (N.D. Cal. Sept. 4, 2024) (allegations of child sexual abuse material and images of plaintiffs that continued to circulate on internet); *M.J.R. v. United States*, No. 23-cv-05821-VKD, 2023 WL 7563746, at *1 (N.D. Cal. Nov. 14, 2023) (allegations of pervasive sexual abuse in federal prisons); *Doe v. Penzato*, No. 10-cv-05154-MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011) (allegations including human trafficking, sexual battery, and invasion of privacy during plaintiff's occupation as a child caretaker and housekeeper).

Pointing out that the present action has already garnered media attention (*see* Dkt. No. 2 at 4), Jane Doe 1 argues that "the disclosure of her PII in relation to the Epstein investigation has already resulted in calls from anonymous strangers, threats to her physical safety, damage to her professional reputation, and exacerbation of trauma caused by the underlying abuse." *Id.*; *see also* Dkt. No. 1 ¶¶ 3, 59.  Jane Doe 1 has demonstrated a reasonable fear that she is vulnerable to severe harm.  *See, e.g.*, *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (using pseudonyms where informant "faced a serious risk of bodily harm").  Given the serious and sensitive nature of Jane Doe 1's allegations, there is a high likelihood she will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation under her real name.  The prospect of such personal embarrassment and emotional injury outweighs any potential prejudice to defendants.  *See Advanced Textile Corp.*, 214 F.3d at 1067, 1068; *see also Penzato*, 2011 WL 1833007, at *5 ("Courts recognize that plaintiffs may be permitted to proceed

United States District Court
Northern District of California

3

anonymously where there are allegations of sexual assault, and they may fear public exposure and the stigma of having been victim to such a crime.") (citing cases).

Accordingly, Jane Doe 1's motion to proceed pseudonymously is granted.  As not all defendants have appeared in this action, defendants may later file a motion to compel disclosure of Jane Doe 1's full name if they can make a good faith showing of prejudice.  *See Doe v. City & County of San Francisco*, No. 25-cv-02976-AGT, 2025 WL 986470, at *2 (N.D. Cal. Apr. 2, 2025); *Mt. Diablo Unified Sch. Dist.*, 2018 WL 2317804 at *2; *see also Advanced Textile Corp.*, 214 F.3d at 1069 ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses.").

**IT IS SO ORDERED.**

Dated: April 20, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California