Julie C. Erickson, State Bar No. 293111
julie@eko.law
Elizabeth A. Kramer, State Bar No. 293129
elizabeth@eko.law
Kevin M. Osborne, State Bar No. 261367
kevin@eko.law
**ERICKSON KRAMER OSBORNE LLP**
959 Natoma Street
San Francisco, CA 94103
Phone: 415-635-0631

*Attorneys for Plaintiffs*

Jordan A. Hulseberg
jordan.a.hulseberg2@usdoj.gov
**UNITED STATES DEPARTMENT OF JUSTICE**
1100 L St. NW
Washington, DC 20005
Phone: 202-598-3856

*Attorney for the United States of America*

Joshua H. Lerner, State Bar No. 220755
joshua.lerner@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
50 California Street
San Francisco, CA 94111
Phone: 628-235-1124

*Attorney for Defendant Google LLC*

Robert E. Dunn, State Bar No. 275600
rdunn@eimerstahl.com
**EIMER STAHL LLP**
1999 S. Bascom Ave. Suite 1025
Campbell, CA 95008
Phone: 408-889-1690

*Attorney for Defendant X.AI Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5, individually and on behalf of others similarly situated, <br>      Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, GOOGLE LLC, and X.AI CORP., <br>      Defendants. | Case No.: 5:26-cv-02624-VKD <br> JOINT CASE MANAGEMENT STATEMENT <br><br> Judge: Hon. Virginia K. DeMarchi <br> Date:   June 30, 2026 <br> Time:  1:30 p.m. |

1

The Parties, Plaintiffs JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5, individually and on behalf of others similarly situated ("Plaintiffs"), and Defendants UNITED STATES OF AMERICA ("United States"), GOOGLE LLC ("Google"), and X.AI CORP. ("X.AI") ("Defendants") (collectively, "the Parties"), submit this initial joint case management statement in accordance with Fed. R. Civ. P. 26(f), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9. This information is offered solely for the above-captioned case and any related appeals.

**1.      JURISDICTION AND SERVICE**

Plaintiffs allege that the Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552a(g)(1)(D) and 28 U.S.C. § 1331 because this action is against the United States government under the Privacy Act of 1974, 5 U.S.C. § 552a. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same case or controversy as Plaintiffs' federal question claims.

Plaintiffs allege the Court has personal jurisdiction over the United States pursuant to the Privacy Act's waiver of sovereign immunity, 5 U.S.C. § 552a(g). The United States intends to challenge jurisdiction. The Court has personal jurisdiction over Google and X.AI as they reside within this District.  The Parties agree that venue is proper in this District.

All Defendants have been served with the summons and First Amended Complaint.

**2.      FACTS**

**Plaintiffs' Statement:** Plaintiffs are victims of sexual misconduct perpetrated by Jeffrey Epstein. In 2025 and 2026, the United States Department of Justice ("DOJ") disclosed their identities in unredacted records related to the investigation into Epstein's criminal conduct. Plaintiffs allege that the DOJ disclosed their identities without permission or justification, and did so with either retaliatory motives, reckless disregard of the Plaintiffs' privacy rights, or both. Including Plaintiffs, the DOJ disclosed the identities of approximately 100 Epstein victims. After the disclosure, the DOJ admitted wrongdoing and has removed or redacted over 90,000 documents from its publicly viewable "Epstein Library" website. But the private information of certain Plaintiffs and many of the other victims remains viewable.

Following the DOJ's disclosure, Google indexed and cached the unredacted materials containing Plaintiffs' and the other approximately 100 victims' private information. As a result, searches for their names, or searches combining their names with terms such as "Epstein," "victim," or "survivor," produce content in Google AI Mode displaying their private information, including their contact information, professions, places of birth, locations of residence, and association with Epstein. Plaintiffs provided notice to Google of the unlawful disclosure, but Google refused to take it down. xAI's online chatbot Grok similarly disclosed Plaintiffs' private information from the Epstein files and ignored requests to take it down. The information remains viewable on both Google AI Mode and Grok at the present time.

As a consequence of the disclosures, Plaintiffs have received threatening calls from strangers. People have contacted their employers to demand they be removed from their jobs. They have been publicly accused of conspiring with Epstein to traffic victims when, in reality, they are victims. They have endured constant fear and anxiety, required therapy, been forced to change their contact information, lost control of the narratives of their lives, and experienced other life-altering harms.

**Defendant United States's Statement:** Under the Epstein Files Transparency Act, Congress required the U.S. Department of Justice to release millions of documents related to its investigation of Jeffrey Epstein within thirty days of that law's enactment. That law likewise permitted the nondisclosure of victims' personal information; though, the Department of Justice acknowledges certain limited inadvertent disclosures. To ensure compliance with the Act, the Department of Justice created an email by which victims could flag and request documents in the digital Epstein Library be taken down. Plaintiffs claim to be Epstein survivors who requested their personal information be removed from that library but claim their personal information is still publicly accessible. Accordingly, Plaintiffs sue under the Privacy Act, alleging willful and intentional disclosure of their personal information. The Federal Government does not yet know Plaintiffs' identities and lacks sufficient information necessary to determine whether Plaintiffs are Epstein victims.

3

**Google's Statement:** Plaintiffs seek to hold Google liable for Google Search allegedly displaying certain contents of the Epstein files, a publicly available resource maintained by the federal government, in response to user queries. Plaintiffs allege that the federal government should have redacted their names and information before publicly releasing the Epstein files. Google allegedly republishes this information originally disclosed by the government on its Search Engine Results Page, including in AI Mode and AI Overviews.  Google's AI Mode is an enhanced search experience that is powered by Google's artificial intelligence model and draws on real-time information from the web, including trillions of web pages, images, videos, and other content created by third parties. AI Mode synthesizes relevant third-party information into a succinct and easy-to-understand response to a user's query. Plaintiffs demand that Google remove content that was pulled from publicly available sources, based on alleged harm to an abstract class of individuals.

**X.AI's Statement:** x.AI is alleged to have publicly available information on matters of significant public interest, both as to the underlying facts and as to the government's alleged disclosure of the same.  x.AI is not alleged to have made any information regarding Plaintiffs public in the first instance.

3.    **LEGAL ISSUES**

**Plaintiffs' Statement:** The key legal issues are as follows.

- Whether the United States' disclosure of Plaintiff or Class members' private information violated the Privacy Act of 1974, 5 U.S.C. §§ 552a(b) and (g)(1)(D);
- Whether Google and xAI engaged and continue to engage in unfair and unlawful "business practices" within the meaning the meaning of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;
- Whether Defendants' ongoing disclosure of Plaintiffs and Class members' private information should be enjoined;
- Whether Google and xAI acted violated common law by publicly disclosing and continuing to disclose Plaintiffs' private information by generating content that can be used to contact and harass Plaintiffs; and

- Whether Google and xAI's conduct constitutes negligence and negligent infliction of emotional distress under California common law.

**Defendant United States's Statement:** The key legal issues are as follows.

- Whether the Department of Justice violated the Privacy Act of 1974, 5 U.S.C. § 552a.
- Whether Plaintiffs adequately alleged their claims in their Complaint.
- Whether an injunction is appropriate at this stage of proceedings.
- Whether Plaintiffs proposed class meets the requirements for certification under Fed. R. P. 23.

**Google's Statement:** In addition to the legal issues identified by Plaintiffs, Google anticipates that the following legal issues will be disputed.

- Whether Section 230 of the Communications Decency Act bars Plaintiffs' claims against Google.
- Whether the First Amendment bars Plaintiffs' claims against Google, including because Google's content moderation decisions are expressive activities subject to free speech protections.
- Whether Plaintiffs' proposed class meets the requirements for certification under Fed. R. P. 23.
- Whether Plaintiffs have adequately alleged that Google engaged in any unfair or unlawful business practice.
- Whether Plaintiffs have adequately alleged that Google unlawfully invaded Plaintiffs' privacy.
- Whether Plaintiffs have adequately alleged a negligence claim against Google.
- Whether Plaintiffs have adequately alleged a negligent infliction of emotional distress claim against Google.
- Whether Plaintiffs are entitled to preliminary injunctive relief precluding the disclosure, publication, and dissemination of Plaintiffs' information by Google.
- Whether Plaintiffs are entitled to monetary and/or permanent injunctive relief, including punitive damages and damages for emotional distress.

- Whether Plaintiffs are entitled to attorneys' fees and costs.

**X.AI's Statement:** The key legal issues are as follows.

- Whether X.AI is protected from liability by Section 230 of the Communications Decency Act;

- Whether X.AI's conduct is protected by the First Amendment;

- Whether this case can be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2), 23(b)(3), or 23(b)(c);

- Whether Plaintiffs have adequately alleged that X.AI engaged in any unfair or unlawful business practice;

- Whether Plaintiffs have adequately alleged that X.AI unlawfully invaded Plaintiffs' privacy;

- Whether Plaintiffs have adequately alleged a claim for negligence against X.AI;

- Whether Plaintiffs have adequately alleged a claim for negligent infliction of emotional distress against X.AI.

4.    **MOTIONS**

Plaintiffs anticipate moving, if necessary, for a preliminary injunction enjoining the ongoing unlawful disclosure, publication, and dissemination of their private information. The Parties are engaged in ongoing good faith negotiations to avoid motion practice on this issue. Plaintiffs further anticipate moving for class certification. *See infra* § 9.

All Defendants anticipate moving to dismiss the claims against them in the First Amended Complaint.

5.    **AMENDMENT OF PLEADINGS**

Plaintiffs filed a First Amended Complaint on June 8, 2026. Dkt. 16. Google reserves its rights to oppose any potential future request from Plaintiffs to seek leave to further amend their complaint.

6.    **EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI"), and confirm that they have met and conferred pursuant to Fed. R.

Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evidence in this action. The Parties are also aware of and are taking reasonable steps to comply with their evidence preservation obligations under the Federal Rules of Civil Procedure, including the rules governing electronic discovery.

**7.    DISCLOSURES**

Google's and the United States's deadline to serve their Initial Disclosures is currently June 23, 2026. X.AI and Plaintiffs have agreed to hold their Rule 26(f) conference on June 29, 2026. The parties intend to file a stipulation and order extending that deadline for all Defendants to July 7, 2026.

**8.    DISCOVERY**

    **a.    *Discovery to Date***

No discovery has taken place to date.

    **b.    *Anticipated Discovery***

Subject to the limitations to be agreed upon by the Parties, and without waiving any objections, the scope of anticipated discovery includes non-privileged matters relevant to the claims and defenses in this action and proportional to the needs of the case, including but not limited to:

Plaintiffs will seek testimony and documentary evidence relating to Defendants' policies, data logs, and communications relating to the subject matter at issue in this case.

Google anticipates that the scope of discovery will evolve following a ruling on its anticipated motion to dismiss, if the case proceeds to discovery. In the meantime, Google expects that discovery will focus on Plaintiffs' communications with the government and others following the disclosure of their information in the Epstein files; any public statements made or actions taken by Plaintiffs with respect to the Epstein scandal; reasons why class certification is inappropriate for this matter; and Plaintiffs' claimed damages.

The United States believes discovery is unnecessary, particularly because Plaintiffs have failed to state a claim and because any documents sought by Plaintiffs to attempt to demonstrate "willful and intentional" disclosure may be privileged.

**c.**       *Proposed Limitations or Modifications of the Discovery Rules*

The Parties anticipate that the default discovery limits of the Federal Rules of Civil Procedure should be sufficient to allow the Parties to establish facts necessary in support of their claims and defenses, except that the Parties will meet and confer in good faith to discuss further limitations, including on interrogatories, document requests, and non-expert depositions. The Parties reserve the right to seek leave of Court for additional discovery.

**d.**       *Stipulated e-Discovery Order*

During the Parties' June 18, 2026, Rule 26(f) conference, the Parties discussed entering into an appropriate stipulated e-Discovery order. The Parties will work together in good faith to determine the scope and content of the stipulated e-Discovery order.

**e.**       *Identified Discovery Disputes*

The Parties are not aware of any current discovery disputes.

**9.      CLASS ACTIONS**

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

Plaintiffs intend to move to certify an injunctive relief class under Fed. R. Civ. P. 23(b)(2) if the Parties are unable to reach an agreement on the injunctive relief Plaintiffs seek. Plaintiffs intend to move to certify a damages class under Fed. R. Civ. P. 23(a) and 23(b)(3) or, alternatively, for issue certification under Fed. R. Civ. P. 23(c)(4).

All Defendants intend to oppose class certification. Google proposes that the Court set the class certification deadline on April 21, 2028, after the close of fact discovery. *See infra* § 15.

**10.      RELATED CASES**

The Parties are unaware of any related cases or proceedings pending before another judge of this District, in any other district, or before any other court or administrative body.

**11.      RELIEF**

Plaintiffs seek (a) Preliminary and permanent injunctive relief requiring Defendants to remove, de-index, and cease displaying Plaintiffs and Class members' private information and the unlawfully disclosed materials; (b) Compensatory damages in amounts to be determined at trial against all Defendants, jointly and severally as appropriate, on behalf of Plaintiffs and the Class;

(c) Statutory minimum damages of not less than $1,000 per Class member against the United States pursuant to 5 U.S.C. § 552a(g)(4)(A); (d) Punitive damages in amounts sufficient to punish and deter on behalf of Plaintiffs and the Class against Google and xAI; (e) Reasonable attorney fees and costs pursuant to 5 U.S.C. § 552a(g)(4)(B), 42 U.S.C. § 1988 (as appropriate), Cal. Civ. Code § 1021.5, and other applicable law; (f) Pre-judgment and post-judgment interest as allowed by law; and (g) Such other and further relief as this Court may deem just and proper.

Google denies that Plaintiffs are entitled to any relief and reserves all of its defenses as to liability, damages, claims for injunctive relief, and attorney's fees.

X.AI denies that Plaintiffs are entitled to any relief and reserves all of its defenses as to liability, damages, claims for injunctive relief, and attorney's fees.

The United States denies that Plaintiffs are entitled to any relief and reserves all of its defenses as to liability, damages, claims for injunctive relief, and attorney's fees.

**12.    SETTLEMENT AND ADR**

The Parties have read and understand this District's ADR Procedures Handbook and are discussing, and will continue to discuss, the possibility of early resolution through voluntary ADR, including the possibility of private mediation.

**13.    OTHER REFERENCES**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    NARROWING OF ISSUES**

At this time, the Parties have not identified issues that can be narrowed by agreement or by motion.

**15.    SCHEDULING**

The Parties each propose the following deadlines. The Parties will file a separate stipulation concerning a briefing schedule for Defendants' anticipated motions to dismiss.

**Google's Statement:** In an effort to be efficient and avoid unnecessary use of the Court's or the parties' time, Google suggested that the parties agree to delay the Case Management Conference, and related dates, including for the 26(f) conference, until after the Court has time to

consider the Defendants' motions to dismiss. Nonetheless, Plaintiffs insisted on moving forward so Google sets forth its proposed schedule tied to the Defendants' motions to dismiss below.

| Event | Plaintiffs' Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Fact discovery deadline | December 10, 2026 | March 24, 2028 |
| Deadline to file motion for class certification Fact discovery deadline | January 25, 2027 | April 21, 2028 |
| Deadline for Rule 26(a)(2) disclosures | March 2, 2027 | July 14, 2028 |
| Deadline for Rule 26(a)(2) rebuttal disclosures | Plaintiffs propose a single mutual exchange | August 25, 2028 |
| Deadline to complete expert discovery | April 27, 2027 | September 22, 2028 |
| Deadline to file dispositive/*Daubert* motions | June 29, 2027 | October 20, 2028 |
| Last day to hear dispositive/*Daubert* motions | August 3, 2027 | At the Court's Convenience |
| Final pre-trial conference | October 6, 2027 | **3 weeks** before the trial date set by the Court |
| Trial date | November 1, 2027 | At the Court's convenience, following resolution of dispositive motions |

## 16.   TRIAL

The Parties anticipate trial will last approximately 7 to 10 days. The matter will be tried to a jury. The parties do not believe that this case is suitable for an expedited trial.

## 17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed a Certification of Interested Entities pursuant to Civil Local Rule 3-15. *See* Dkt. 14 (Plaintiffs); Dkt. 22 (X.AI); Dkt. 25 (Google).

## 18.   PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 19.   OTHER

The Parties agree that service of all papers not served via CM/ECF (e.g., discovery requests and responses) may be electronic. No regular mail service will be required.

**ERICKSON KRAMER OSBORNE LLP**

Dated this 23rd day of June 2026.

*/s/ Kevin M. Osborne*

Kevin M. Osborne

*Attorneys for Plaintiffs*

**UNITED STATES DEPARTMENT OF JUSTICE**

Dated this 23rd day of June 2026.

*/s/ Jordan Hulseberg*

Jordan Hulseberg

*Attorneys for Defendant United States of America*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Dated this 23rd day of June 2026.

*/s/ Joshua Lerner*

Joshua Lerner

*Attorney for Defendant Google LLC*

**EIMER STAHL LLP**

Dated this 23rd day of June 2026.

*/s/ Robert E. Dunn*

Robert E. Dunn

*Attorney for Defendant X.AI*

11

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 23, 2026 the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/Kevin M. Osborne

Kevin M. Osborne
ERICKSON KRAMER OSBORNE LLP
959 Natoma St.
San Francisco, CA 94103
Phone: 415-635-0631
Fax: 415-599-8088
kevin@eko.law

*Attorneys for Plaintiffs*