Jordan A. Hulseberg
Jordan.a.hulseberg2@usdoj.gov
**U.S. Department of Justice**
**Civil Division, Federal Programs Branch**
1100 L St. NW
Washington, DC 20005
Telephone: (202) 598-3856

*Attorney for United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5, individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA, GOOGLE LLC, and X.AI Corp.,<br><br>          Defendants. | Case No. 5:26-cv-02624-VKD<br><br>**DEFENDANT UNITED STATES' MOTION TO STAY DISCOVERY**<br><br>Judge: Hon. Virginia K. DeMarchi<br>Courtroom 2, 5th Floor<br><br>Date: August 18, 2026<br>Time: 10:00 a.m. |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT, on August 18, 2026 at 10:00 a.m. in Courtroom 2 of the U.S. District Court for the Northern District of California, San Jose Division, at 280 South 1st Street, San Jose, CA, Defendant United States of America, in concurrence with  defendants Google LLC and xAI, will and hereby does move for an order staying all discovery in this matter pending resolution of its anticipated motion to dismiss. This motion is based on this notice of motion, the below memorandum of points and authorities, all pleadings and papers on file in this action, and such additional facts and arguments as may be presented at or before the time of hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The United States respectfully requests this Court stay all discovery until the Court has ruled on its anticipated motion to dismiss, which is set for a hearing on November 17, 2026. Dkt. No. 44. There is good cause for a stay of discovery because the United States' motion may dispose of the entire suit, no discovery is necessary to adjudicate the motion, and the balance of harms weighs in favor of a stay. Plaintiffs oppose this motion.

Codefendants Google and xAI have filed a similar motion but principally rely on Section 230 as their basis for a stay of discovery. But as Plaintiffs raise a discrete claim against the United States, under the Privacy Act, the codefendants agreed the United States would independently raise its stay arguments here.

**BACKGROUND**

Plaintiffs allege that the Department of Justice improperly disclosed their personal information when it published investigation files relating to Jeffrey Epstein on its "'Epstein Library' website." *See* Dkt. No. 16 at ¶¶ 15-20, 21 (First Amended Complaint) ("FAC"); *see also id.* ¶ 29 (describing release of documents on "publicly accessible DOJ website"). DOJ released these records "pursuant to the Epstein Files Transparency Act . . . and in response to Freedom of Information Act . . . requests and congressional demands." *Id.* at ¶ 27. Plaintiffs argue the speed at which the United States released the relevant files, *id.* ¶ 43, as well as the inadvertent disclosures that Plaintiffs acknowledge were remediated, *id.* ¶ 49, and those disclosures allegedly relating to Plaintiffs, *id.* ¶

DEFENDANT UNITED STATES'
MOTION TO STAY DISCOVERY

52, demonstrate "intentional or willful" disclosure under the Privacy Act, *id.* ¶ 53. Plaintiffs also name the Epstein Files Transparency Act ("EFTA"), *id.* ¶¶ 23, 53, and allude to its 30-day deadline for release of certain Epstein files, with which the Government sought to comply as substantially as possible. Plaintiffs also allude to the Justice Department's public access email, to which members of the public, including victims, may request the Government remove inappropriately released documents. *Id.* ¶ 49.

Plaintiffs filed this suit on March 26, 2026. Dkt. No. 1. But weeks passed before Plaintiffs served the United States or Google. Nearly two and a half months later, on June 8, 2026, Plaintiffs filed their First Amended Complaint ("FAC"). The FAC also added xAI as a defendant. Plaintiffs insisted on proceeding with a Rule 26(f) conference shortly after Google waived service. *See* Dkt. No. 27 at 9-10 (joint case management statement); Dkt No. 20 (proof of service as to xAI). This Court held an initial case management conference several weeks later, on June 30, 2026. Dkt. No. 42. That same day, Plaintiffs served Google, xAI, and the United States with their First Sets of Requests for Production.

## ARGUMENT

There is "good cause" to stay discovery pending resolution of the United States' forthcoming motion to dismiss. *Arnold v. Metro. Life Ins. Co.*, 2025 WL 2300440, at *1 (N.D. Cal. July 9, 2025) ("A district court has 'wide discretion in controlling discovery,' and may issue an order staying discovery upon a showing of 'good cause.'"). Good cause exists to stay discovery pending resolution of a motion where (1) the motion is potentially dispositive, and (2) the Court can decide the pending motion absent discovery. *See Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019); *Arnold*, 2025 WL 2300440, at *1-2. The United States will file a motion to dismiss all the claims against it and no discovery is necessary to resolve that motion. On the other hand, any claim of harm to Plaintiffs from alleged delay is undermined by Plaintiffs' failure to serve Google, delay in serving the United States, delay in naming xAI, continued delay in sharing Plaintiffs' identities with Defendants, and failure to raise the prospect of a preliminary injunction until over two months after filing this case.

5:26-cv-02624-VKD

DEFENDANT UNITED STATES'
MOTION TO STAY DISCOVERY

Further, recent Supreme Court guidance from this latest term supports this understanding. Justice Jackson, writing for a unanimous court, explained, "Our well-established federal pleading standards are not up for debate in this case. In order *to proceed to discovery,* a plaintiff must 'state a claim to relief that is plausible on its face.'" *Hikma Pharm. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1399 (2026) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While *Hikma* was not about a discovery dispute, its dicta nonetheless warrants considerable deference. Indeed, courts in the Ninth Circuit "do not treat considered dicta from the Supreme Court lightly." *U.S. v. Montero-Camargo*, 208 F.3d 1122, 1132 n.17 (9th Cir. 2000). Rather, "Supreme Court dicta 'ha[s] a weight that is greater than ordinary judicial dicta as prophecy of what that Court might hold.'" *Id.* (quoting *Zal v. Steppe,* 968 F.2d 924, 935 (9th Cir.1992)). Here, the Supreme Court's opinion is plain: discovery prior to resolution of motions to dismiss, if permitted at all, should be the exception and not the norm.

I.     **THERE IS GOOD CAUSE FOR A STAY BECAUSE THE UNITED STATES' MOTION TO DISMISS IS POTENTIALLY DISPOSITIVE AND REQUIRES NO DISCOVERY**

Judicial economy is best served by staying discovery because the United States' anticipated motion to dismiss is "potentially dispositive of the entire case." *Cellwitch*, 2019 WL 5394848, at *1; *accord Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (a stay of discovery is appropriate where plaintiff is unable to state a claim for relief). A motion is "potentially dispositive" if, based on a "preliminary peek" at the merits of the motion, the Court concludes that the motion, if granted, would dispose of all claims against a defendant. *Cellwitch*, 2019 WL 5394848, at *1. That "preliminary peek" demonstrates that there are multiple grounds for dismissing the claims against the United States in the First Amended Complaint without any discovery. *See, e.g.*, *Cellwitch, Inc.*, 2019 WL 5394848, at *2 (granting stay where no discovery was needed to resolve the motion to dismiss).[1]

A.     **Plaintiffs' Claims Against The United States Fail On The Merits**

---

[1] The United States anticipates moving to dismiss the claims against it for at least the reasons outlined in this motion but may raise additional arguments.

3

DEFENDANT UNITED STATES'
                                    MOTION TO STAY DISCOVERY

At the outset, the operative law requiring the disclosure of Epstein information, the Epstein Files Transparency Act ("EFTA"), permitted the disclosure of which Plaintiffs complain. *See* EFTA, Pub. L. 119–38, 139 Stat. 656. As Plaintiffs allude, Congress passed EFTA to require the Department of Justice to release millions of pages of documents from its investigation into Jeffrey Epstein within 30 days. *See* FAC ¶ 28. EFTA's purpose was to provide transparency surrounding the investigation of and crimes committed by Jeffrey Epstein. *See* EFTA, Pub. L. 119–38. Contrary to Plaintiffs' assertion, EFTA did not *require* redaction of victim information but instead *permitted* such redactions. *Id.* § 2(c)(1)(A) ("The Attorney General *may* withhold or redact the segregable portions of records that contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" (emphasis added)). Accordingly, EFTA forecloses Plaintiffs' claim under the Privacy Act because Congress granted the Attorney General discretion to disclose or redact personal information in its release of Epstein-related files. This interpretation is consistent with the text of the EFTA, and it comports with common sense given that Congress required the disclosure of millions of pages of documents on a 30-day timeline such that potential inadvertent disclosures were foreseeable.

Even still, Plaintiffs have not plausibly alleged an "intentional or willful" violation of the Privacy Act under 5 U.S.C. § 552a(g)(4). An agency acts in violation of the Privacy Act in an intentional or willful manner "either by committing the act without grounds for believing it to be lawful, or flagrantly disregarding others' rights under the Act." *Covert v. Harrington,* 876 F.2d 751, 757 (9th Cir.1989) (quoting *Albright v. United States,* 732 F.2d 181, 189 (D.C.Cir.1984)). To meet the "intentional or willful" standard, a "[p]laintiff must overcome a high hurdle" and demonstrate the Government's disclosure "amounted to more than gross negligence." *Stafford v. Soc. Sec. Admin.*, 437 F. Supp. 2d 1113, 1121 (N.D. Cal. 2006) (citing *Johnston v. Horne,* 875 F.2d 1415, 1422 (9th Cir.1989), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89 (1990)). In addition to the intentional or willful requirement, a plaintiff must

4

demonstrate that the disclosure caused an "adverse effect." 5 U.S.C. §§ 552a(g)(1)(D), 552a(g)(4); *see also Johnston,* 875 F.2d at 1422 (holding "actual damage" must be shown to establish an adverse effect). Plaintiffs fail to leap over that "high hurdle" here, even assuming their factual allegations to be true. *See* FAC ¶¶ 43-53.

Plaintiffs acknowledge the Government solicited assistance from the public, including Epstein victims, to identify any inadvertent disclosure of personal information in the Epstein Library. *See id.* ¶¶ 48-49. Upon identification of inadvertently disclosed victim information, the United States removed such information, *id.* ¶ 49, but Plaintiffs contend the United States still missed some victim information, *id.* ¶ 52. Plaintiffs likewise reference "inconsistencies" in redactions, *id.* ¶ 45, including "partial" or "incomplete" redactions, *id.* Plaintiffs attribute these errors to the Government's "prioritiz[ation]" of "volume and speed," *id.* ¶ 47, with repeated references to officials promoting principles such as "maximum transparency," "no cover-ups," and "transparent[] dissemination," *id.* ¶¶ 48, 50.

Ultimately, Plaintiffs only point to alleged errors that could be expected in an unprecedented congressionally mandated disclosure—the largest and quickest ever performed. Such alleged errors do not reach the "high hurdle" of exceeding "gross negligence." *See Stafford*, 437 F. Supp. 2d at 1121. Plaintiffs identify no malicious behavior to suggest the Government sought to "flagrantly disregard[] others' rights." *See Covert,* 876 F.2d at 757. Indeed, Plaintiffs' pleadings counsel against this conclusion: The Government took steps to remediate inadvertent disclosures and made a good-faith effort to redact appropriate information even though it was not required by EFTA. As for officials' statements supporting "maximum transparency," expeditiousness, and its ilk, those statements represented the expectations and principles Congress enshrined in EFTA. *See* EFTA § 2(a). Even more, none of those statements amounts to more than "gross negligence" or supports or directs the "flagrant[] disregard[]" of individuals' rights. *See Covert,* 876 F.2d at 757.

DEFENDANT UNITED STATES'
MOTION TO STAY DISCOVERY

Accordingly, Plaintiffs fail to state a claim. Their Privacy Act claim is explicitly foreclosed under EFTA and, even assuming all allegations as true, fails to allege an "intentional or willful" violation of the Privacy Act.

## II.   THE BALANCE OF HARMS WARRANTS STAYING DISCOVERY

The balance of the harms weighs in favor of staying discovery. "The parties' time and resources are better spent" resolving the United States' anticipated motion to dismiss rather than "expend[ing] resources on discovery which may not ultimately be required." *Flores v. Cruz*, 2017 WL 415345, at *1 (E.D. Cal. Jan. 30, 2017). A stay will prevent "costly and wasteful" discovery into claims that will likely be dismissed and allow for more "tailored and efficient discovery" on any claims that might remain. *Mireskandari v. Daily Mail & General Trust*, 2013 WL 1212994, at *4 (C.D. Cal. Jan. 14 2013). Indeed, "first resolving the motion to dismiss is the better course" because, even if not case dispositive, "resolution of the Motion to Dismiss may narrow the issues," and so a short stay of discovery will best "serve judicial economy and efficiency for the parties." *Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *4 (N.D. Cal. April 27, 2018) (quotation marks omitted); *accord Committee for Immigrant Rights of Sonoma Cty. v. County of Sonoma*, 2009 WL 10692620, at *2 (N.D. Cal. Apr. 20, 2009).

Additionally, courts in this Circuit regularly limit or stay discovery in Privacy Act cases, particularly when a dispositive motion is pending. "While ordinarily the discovery process grants each party access to evidence, in FOIA and Privacy Act cases discovery is limited[.]" *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). Indeed, "discovery is not typically a part of FOIA and Privacy Act cases, and whether to permit discovery is well within the sound discretion of the district court judge. *Id.* (quoting in parenthetical *Broaddrick v. Exec. Office of the President,* 139 F.Supp.2d 55, 63 (D.D.C. 2001)).

Finally, Plaintiffs will not be prejudiced by a stay. If the Court permits any of Plaintiffs' claims to go forward, Plaintiffs' ability to obtain discovery for those claims at that time would not be prejudiced. Plaintiffs have represented that they may file a preliminary injunction motion, and

that their decision whether to file such a motion may turn on the discovery they obtain. But Plaintiffs' delay of two-and-a-half months after filing this suit to even serve Google or request waiver of service, similar weeks-long delay for the United States, failure to name defendant xAI, and Plaintiffs' continued delay in sharing Plaintiffs' identities belies the notion that injunctive relief is urgently needed. *See Broadcom Corp. v. Qualcomm Inc.*, 2005 WL 5925584, at *4, 6 (C.D. Cal. Oct. 19, 2005) (denying injunctive relief where movant "unduly delayed bringing the instant motion") (citing *Lydo Enterprises Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir.1984)); *see also Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm").

Discovery is also likely to be irrelevant to Plaintiffs' preliminary injunction motion. Plaintiffs are seeking an injunction requiring the United States to "remove, de-index, and cease displaying" their personal information from the Epstein files. FAC at p. 47. But Plaintiffs can simply search the Epstein Library to determine whether their personal information is still being displayed. At best, Plaintiffs' allegations depend on facts that are either public or within their own possession—including, for example, their assertions that Plaintiffs suffered "severe harm caused by continued dissemination." FAC ¶ 139. Finally, the United States expects that, like its anticipated motion to dismiss, a preliminary injunction motion could be resolved on purely legal grounds and would fail even if the allegations in the complaint are presumed to be true.

## CONCLUSION

For the foregoing reasons, the United States respectfully request that this Court stay discovery against it until the Court has resolved the United States' forthcoming motion to dismiss.

Dated: July 8, 2026                                          Respectfully submitted,

                                                             BRETT SHUMATE
                                                             Assistant Attorney General
                                                             Civil Division

                                                             ELIZABETH SHAPIRO
                                                             Deputy Director

Federal Programs Branch

/s/ Jordan A. Hulseberg
JORDAN A. HULSEBERG
D.C. Bar No. 90033542
Trial Attorney
United States Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

Phone: (202) 598-3856
Fax: (202) 616-8470
Email: jordan.a.hulseberg2@usdoj.gov

*Counsel for United States*

5:26-cv-02624-VKD                                         DEFENDANT UNITED STATES'
                                                          MOTION TO STAY DISCOVERY