Julie C. Erickson, State Bar No. 293111 (julie@eko.law)
Elizabeth A. Kramer, State Bar No. 293129 (elizabeth@eko.law)
Kevin M. Osborne, State Bar No. 261367 (kevin@eko.law)
**ERICKSON KRAMER OSBORNE LLP**
959 Natoma Street
San Francisco, CA 94103
Phone: 415-635-0631
Fax: 415-599-8088

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, GOOGLE LLC, and X.AI CORP.,<br><br>    Defendants. | Case No.: 5:26-cv-02624-VKD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO STAY DISCOVERY**<br><br>Judge: Hon. Virginia K. DeMarchi<br>Courtroom 2, 5th Floor<br><br>Date: August 18, 2026<br>Time: 10:00 a.m. |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................1

II. FACTUAL BACKGROUND .................................................................................................1

III. ANALYSIS ........................................................................................................................3

    A. Under the Applicable Standard, Discovery Stays Are Disfavored.......................................4

    B. The Court Cannot Grant a Stay Based on a Motion It Has Not Seen ..................................5

    C. EFTA Does Not Shield the United States from Liability.....................................................6

    D. Plaintiffs Plausibly Allege Intentional Disclosure of Their Private Information ................6

    E. Discovery Is Relevant to Anticipated Motions ...................................................................7

IV. CONCLUSION ....................................................................................................................9

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED    Case No.: 5:26-cv-02624-VKD
STATES' MOTION TO STAY DISCOVERY

# TABLE OF AUTHORITIES

**CASES**

*Andrews v. Veterans Admin. of U.S.*,
838 F.2d 418 (10th Cir. 1988) ......................................................................................7

*Bhatia v. Off. of United States Att'y, N. Dist. of California*,
2010 WL 11714069 (N.D. Cal. Dec. 17, 2010) ............................................................5

*Blankenship v. Hearst Corp.*,
519 F.2d 418 (9th Cir. 1975) ....................................................................................4, 6

*Chambers v. U.S. Dep't of Interior*,
568 F.3d 998 (D.C. Cir. 2009) ....................................................................................7

*DiGiacinto v. RB Health (US) LLC*,
2022 WL 20087460 (N.D. Cal. Dec. 5, 2022) ............................................................5

*Gerlich v. U.S. Dep't of Just.*,
659 F. Supp. 2d 1 (D.D.C. 2009) ................................................................................7

*Gray v. First Winthrop Corp.*,
133 F.R.D. 39 (N.D. Cal. 1990) ..................................................................................4

*Lane v. Dep't of Interior*,
523 F.3d 1128 (9th Cir. 2008) ....................................................................................5

*Maydak v. United States*,
363 F.3d 512 (D.C. Cir. 2004) ....................................................................................7

*Minshew v. Donley*,
911 F. Supp. 2d 1043 (D. Nev. 2012) ........................................................................7

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*,
2010 WL 3746290 (N.D. Cal. Sept. 18, 2010) ..........................................................5

*Optronic Techn., Inc. v. Ningbo Sunny Electronic Co., Ltd.*,
2018 WL 1569811 (N.D. Cal., Feb. 16, 2018) ..........................................................4

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
220 F.R.D. 349 (N.D. Cal. 2003) ................................................................................8

*Reed v. Dep't of Navy*,
899 F. Supp. 2d 25 (D.D.C. 2012) ..............................................................................7

*San Francisco Tech. v. Kraco Enterprises LLC*,
2011 WL 2193397 (N.D. Cal. June 6, 2011) ..........................................................4, 5

*Serenium, Inc. v. Zhou*,
2021 WL 7541379 (N.D. Cal. Feb. 11, 2021) ............................................................4

*Singh v. Google, Inc.*,
2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) ............................................................5

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED
STATES' MOTION TO STAY DISCOVERY

Case No.: 5:26-cv-02624-VKD

*Stafford v. Soc. Sec. Admin.*,
    437 F. Supp. 2d 1113 (N.D. Cal. 2006)............................................................................7

*Tradebay, LLC v. eBay, Inc.*,
    278 F.R.D. 597 (D. Nev. 2011) .........................................................................................8

**STATUTES**

Epstein Files Transparency Act,
    Pub. L. 119-38, November 19, 2025, 139 Stat 656 ......................................................2, 6

Fed. R. Civ. P. 26(b)...............................................................................................................4

Fed. R. Civ. P. 26(c)(1) ..........................................................................................................4

Privacy Act of 1974,
    5 U.S.C. § 552a...............................................................................................................3, 6

## STATEMENT OF ISSUES TO BE DECIDED

Pursuant to the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Rule 7-4(a)(3), Plaintiffs asks the Court to rule on the following issues:

(1) Whether the Court should deny a motion to stay that is based on a dispositive motion when that motion is not pending but, instead, is only anticipated;

(2) Whether the Court should deny a motion to stay based on the anticipated argument that the Epstein Files Transparency Act permitted the Department of Justice to violate the Privacy Act of 1974;

(3) Whether the Court should deny a motion to stay based on the anticipated argument that the Plaintiffs in this case fail to plead the Department of Justice intentionally and willfully violation of the Privacy Act; and

(4) Whether discovery might be necessary to oppose the United States' anticipated motion to dismiss.

## I.    <u>INTRODUCTION</u>[1]

This case addresses the United States Department of Justice's unlawful disclosure of highly sensitive personal information belonging to victims of Jeffrey Epstein, disclosures that contravened both the Privacy Act of 1974 and Congress's warnings in the Epstein Files Transparency Act ("EFTA"). Although the EFTA required the release of investigative records, it called the disclosure of victims' information an "unwarranted invasion of personal privacy." The DOJ itself acknowledged this directive internally. Nevertheless, in a rushed and reckless production, the DOJ released thousands of records identifying victims by name and revealing intimate personal details, causing widespread and ongoing harm. Despite repeated warnings, internal guidance, and direct pleas from victims, the government failed to safeguard this information and refused to remediate its disclosure, reflecting a deliberate or, at minimum, reckless disregard for Plaintiffs' statutory and privacy rights.

The United States has stated it anticipates filing a motion to dismiss, but that motion has not been filed. Based on this anticipated motion, it now asks the Court to stay discovery. But clear legal standards make granting such a motion impossible. Even if the United States had filed the motion to dismiss that it describes in its motion to stay, a stay would still not be warranted because the motion to dismiss would be so likely to fail. As such, the motion to stay should be denied and Plaintiffs should be permitted to continue discovery.

## II.    <u>FACTUAL BACKGROUND</u>

The United States Department of Justice ("DOJ") began investigating Jeffrey Epstein for sexual misconduct in or around 2005. ¶ 25.[2] Its investigation confirmed he harmed over one thousand minor girls and young women. ¶ 24. While in federal custody, Epstein died of apparent suicide in 2019. *Id*. In November 2025, after years of pressure from a group of vocal Epstein victims demanding the release of the investigation files, Congress passed the Epstein Files

---

[1] In all quotations, all internal quotation marks, citations, and alterations have been removed, and all emphases added, unless otherwise noted.

[2] All citations using the "¶" symbol refer to paragraphs in Plaintiffs' First Amended Complaint, Dkt. No. 16 ("Complaint"), unless otherwise noted.

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED            Case No.: 5:26-cv-02624-VKD
STATES' MOTION TO STAY DISCOVERY

Transparency Act, Pub. L. 119-38, November 19, 2025, 139 Stat 656 ("EFTA"). ¶¶ 28, 29, 53. The EFTA required the DOJ to release the Epstein investigation files, but not information in the files identifying victims. ¶ 30. In fact, Congress explicitly stated in the EFTA that disclosing records that "contain personally identifiable information of victims or victims' personal and medical files and similar files […] would constitute a clearly unwarranted invasion of personal privacy." 139 Stat 656 § 2(c)(1)(A). The DOJ's own internal communications confirmed the importance of protecting victim information, confirming that the released files "must redact any information revealing the identities of victims," which it defined as:

> individuals identified as victims, or potential victims, through the Department's prior prosecutions of Epstein and Ghislaine Maxwell as well as all individuals who have (directly or through counsel) been identified, including self-identified, to the Department as potential victims of state or federal offenses or other claims of sexual exploitation or misconduct by Epstein or Maxwell.

¶ 31. Despite Congress's forewarning and the DOJ's own mandate, thousands of records were released between November 2025 and January 2026 that identified victims by name, showed photographs of their faces, revealed their phone numbers and email addresses, identified members of their families, and revealed other private information. ¶¶ 15-19, 28, 32.

The disclosure of victims' private information came as no surprise. The release was handled with haste and carelessness, and many officials in the DOJ publicly demanded the release of "everything." ¶¶ 44-51. Releasing the files under these conditions constituted flagrant disregard of the mandated protection of victims' privacy. ¶ 51. Despite direct pleas from victims, the Department of Justice refused to take down their private information, confirming the disclosure was intentional. ¶ 52. Furthermore, the United States has taken no action to remove the information from other sources where it was replicated, demonstrating the United States is intentionally keeping victims' information in public view. *Id*. And finally, evidence suggests the United States acted with the specific goal of "doxxing" the Epstein victims who had so ardently demanded it release the investigation files. ¶ 53.

Plaintiffs JANE DOEs 1-5 are Epstein victims whose private information was disclosed by the United States. ¶¶ 15-19, 31. Some of their information remains viewable on the DOJ's "Epstein Library" website. ¶ 112. JANE DOE 1 filed the initial complaint against the United

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED                Case No.: 5:26-cv-02624-VKD
STATES' MOTION TO STAY DISCOVERY

2

States on March 26, 2026, alleging a single cause of action for violation of the Privacy Act of 1974, 5 U.S.C. § 552a. Dkt. No. 1 at p. 16. Plaintiffs amended the complaint on June 8, 2026, adding JANE DOEs 2-5 as plaintiffs, adding X.AI Corp. as a defendant, and adding a demand against the United States for injunctive relief based on the fact that newly added Plaintiffs' personal information was still on the DOJ's website despite multiple requests that it be removed. ¶ 112.

On June 30, 2026, Plaintiffs served the U.S. with seven requests for the production of documents under Federal Rule of Civil Procedure 34. Osborne Dec., ¶ 15; Ex. 3.[3] On July 8, 2026, all Defendants moved to stay discovery pending the outcomes of their yet-to-be-filed motions to dismiss. Dkt. No. 46 at 1; Dkt. No. 47 at 1. No Defendant attached its motion to dismiss to its motion to stay; they only alluded to the arguments they "anticipated" making in those motions. *Id*.

### III.    ANALYSIS

The United States leaves the Court no choice but to deny its motion to stay. This is because its entire motion is predicated on the argument that a forthcoming motion to dismiss will be dispositive and requires no discovery to assess. But this standard applies only to <u>pending</u> motions. The United States has neither filed its motion to dismiss nor offered a coherent basis for what it anticipates arguing in the motion to dismiss. With no pending dispositive motion, the Court has no choice but to deny the requested stay. To the extent the United States intends to move to dismiss based on the vague and unsubstantiated arguments put forth in its motion to stay, they are unpersuasive. The United States implies, without support, that the EFTA permits its violations of the Privacy Act. Not so. Furthermore, it argues Plaintiffs fail to state a claim under the Privacy Act because they do not plausibly allege intentional or willful disclosure of their private information. The argument overlooks pages of detailed and plausible fact-based

---

[3] This exhibit is attached to the Declaration of Kevin Osborne ("Osborne Dec."), filed with Plaintiffs' Opposition to Defendants Google LLC and X.AI Corp.'s Motion to Stay, Dkt. No. 49-1. Plaintiffs also rely on this Declaration to refute arguments that Plaintiffs' delay in this litigation moots their potential motion for preliminary injunction.

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED    Case No.: 5:26-cv-02624-VKD
STATES' MOTION TO STAY DISCOVERY

allegations that it intentionally disclosed victims' personal information. Its motion to stay should, therefore, be denied.

**A. Under the Applicable Standard, Discovery Stays Are Disfavored**

Under Rule 26(b) of the Federal Rule of Civil Procedure, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense." Fed. R. Civ. P. 26(b). The Federal Rules of Civil Procedure "do not provide for automatic or blanket stays of discovery" when a potentially dispositive motion is pending. *San Francisco Tech. v. Kraco Enterprises LLC*, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011). Stays of discovery are "the exception to the ordinary rule that discovery may proceed, even if a dispositive motion is filed." *Serenium, Inc. v. Zhou*, 2021 WL 7541379, at *1 (N.D. Cal. Feb. 11, 2021). In fact, "district courts tend to look unfavorably upon such blanket stays" while motions to dismiss are pending because they are "directly at odds with the need for expeditious resolution of litigation." *Id.* at *2.

A party seeking to stay discovery pending the resolution of a dispositive motion therefore bears a "heavy burden" of proving that the stay is warranted by making a "strong showing" of good cause. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In this context, "good cause" exists where justice requires protecting a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Optronic Techn., Inc. v. Ningbo Sunny Electronic Co., Ltd.*, 2018 WL 1569811, at *1 (N.D. Cal., Feb. 16, 2018). Where, as here, the party moving to stay discovery justifies its motion not with a defect in the plaintiff's complaint but on its own affirmative defense, this burden is even higher.

The United States claims that, as a practice, courts in the Ninth Circuit "regularly limit or stay discovery in Privacy Act cases." Dkt. No. 47 at 6. There is simply no such practice. In support, the United States cites a single case, *Lane v. Dep't of Interior*, which arose from a District of Arizona decision involving the Freedom of Information Act ("FOIA") and the Privacy

Act's "Right of Access" provisions. 523 F.3d 1128 (9th Cir. 2008). In *Lane*, the plaintiff sought discovery of the very same records targeted by her FOIA and Privacy Act requests. *Id*. at 1134. The court denied the requests and granted summary judgment for the government, finding that the records it had released before the lawsuit was filed were adequate. *Id*. at 1134. The plaintiff also alleged a claim under the "Improper Disclosure" provision of the Privacy Act but, because she failed to plead her damages flowed from that violation, that claim was dismissed as well. *Id*. at 1140. A survey of over 100 cases invoking the Privacy Act in this district finds discovery was stayed only once, in another Right of Access case with no application here. *See Bhatia v. Off. of United States Att'y, N. Dist. of California*, 2010 WL 11714069, at \*1 (N.D. Cal. Dec. 17, 2010). The U.S.'s assertion that Privacy Act cases are regularly stayed is unsupported and incorrect.

### B. The Court Cannot Grant a Stay Based on a Motion It Has Not Seen

Defendants may stay discovery in the Northern District when they show that a pending dispositive motion (1) is potentially dispositive of the entire case, and (2) can be decided without discovery. *San Francisco Tech.*, 2011 WL 2193397, at \*2. But where there is no pending motion, there is no basis for a stay. In *DiGiacinto v. RB Health (US) LLC*, a defendant moved to stay discovery on the ground that "its <u>anticipated</u> motion to dismiss would dispose of the entire litigation." 2022 WL 20087460, at \*1 (N.D. Cal. Dec. 5, 2022). Judge Ryu denied the motion without breaking a sweat, finding that, because "Defendant's motion to dismiss has not yet been filed, the court cannot assess the merits of the motion." *Id*. at \*2. She went on, stating "even if some or all of Plaintiffs' claims are deficient, the court will assess whether leave to amend should be granted, rendering Defendant's motion non-dispositive." *Id*. (citing *Singh v. Google, Inc.*, 2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) and *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*, 2010 WL 3746290 (N.D. Cal. Sept. 18, 2010)).

The same logic applies here. Not only does the United States fail to present a motion to dismiss, it fails to point to a single compelling argument that its anticipated motion to dismiss will prevail. *See infra*. While the Court may eventually decide that the United States is correct and that Plaintiffs' allegations supporting their claim under the Privacy Act are deficient, any deficient allegations can be bolstered on amendment. *Singh*, 2016 WL 10807598 at \* 2.

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED          Case No.: 5:26-cv-02624-VKD
STATES' MOTION TO STAY DISCOVERY

Furthermore, the United States claims it "may raise additional arguments" in the motion to dismiss besides those raised here. Dkt. No. 47 at 3, fn 1. Thus, the United States seeks a stay based on both "anticipated" arguments and totally unknown "additional arguments." This request is impossible to assess—for both the Court and for Plaintiffs. Based on this alone, the motion to stay should be denied.[4]

## C. EFTA Does Not Shield the United States from Liability

Citing no authority at all, the United States argues it is likely to succeed on a motion to dismiss based on the argument that the EFTA permitted it to disclose victims' private information, a frank violation of the Privacy Act. But the EFTA explicitly states that disclosure of "personally identifiable information of victims […] would constitute a clearly unwarranted invasion of personal privacy." 139 Stat 656 § 2(c)(1)(A). Moreover, the DOJ's own internal communications acknowledged it "must redact any information revealing the identities of victims." ¶ 31. The United States has no response to this allegation. Nor does the United States respond to the allegation that section (b) of the Privacy Act states the Act is violated when an agency discloses a record pertaining to an individual without that individual's written consent. ¶ 35. The flimsy argument put forward by the United States on this point falls far short of a strong showing of good cause. *Blankenship*, 519 F.2d at 429.

## D. Plaintiffs Plausibly Allege Intentional Disclosure of Their Private Information

To prove a violation of the Privacy Act allowing for damages, a plaintiff must show the government's violation was "intentional or willful." 5. U.S.C. § 552a(g)(4). Intentional or willful conduct includes "conduct committed without grounds for believing it to be lawful," "action flagrantly disregarding others' rights under the Act," and "conduct [that] amount[s] to, at the very least, reckless behavior." *Andrews v. Veterans Admin. of U.S.*, 838 F.2d 418, 425 (10th Cir.

---

[4] The United States, like Google and xAI ignored the Court's Standing Order regarding discovery disputes, over Plaintiffs' objection. *See* Standing Order for Civil Cases, Magistrate Judge Virginia K. Demarchi, No. 4. ("The following procedures shall govern the resolution of discovery disputes, including disputes about proposed protective orders"); Osborne Dec., ¶ 16. This motion may have been avoided, or at least timely filed, had the United States followed the Order.

1988); *see also Gerlich v. U.S. Dep't of Just.*, 659 F. Supp. 2d 1, 13 (D.D.C. 2009) (DOJ acted intentionally or willfully when it searched for internship candidates' political affiliations and passed that information on for consideration in job applications). "[P]remeditated malice is not required to establish a willful or intentional violation of the Privacy Act." *Andrews*, 838 F.2d at 425.

Courts frequently find that disputed issues of material fact prevent dismissal of claims under the Privacy Act based on the "intentional or willful" element. *Stafford v. Soc. Sec. Admin.*, 437 F. Supp. 2d 1113, 1121 (N.D. Cal. 2006); *Minshew v. Donley*, 911 F. Supp. 2d 1043, 1072 (D. Nev. 2012); *Reed v. Dep't of Navy*, 899 F. Supp. 2d 25, 35 (D.D.C. 2012); *Maydak v. United States*, 363 F.3d 512, 521 (D.C. Cir. 2004); *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1006 (D.C. Cir. 2009).

Plaintiffs here plead pages of facts that show the DOJ acted intentionally and willfully when it disclosed the personal information of Plaintiffs and the Class. Its top officials repeatedly urged the disclosure of "everything" in the files and demanded a haphazard review process to redact victims' information. ¶¶ 44-51. This was, "at the very least, reckless behavior." *Andrews*, 838 F.2d at 425. Shockingly, the United States concedes this in its motion to stay, referring to the disclosures as "errors that could be expected." Dkt. No. 47 at 5. Despite knowing the information had been disclosed, the DOJ refused requests to remove it or to take action to compel others, like Defendants Google LLC and X.AI Corp., to remove it. ¶ 52. Additionally, the DOJ's apparent targeted doxxing of outspoken victims who had pressed the DOJ to release evidence of Epstein-related misconduct supports the plausible inference that the DOJ's disclosure was retaliatory and punitive, rather than a neutral error. ¶ 53. This goes well beyond what is required to plead intentional or willful conduct under the Privacy Act. Accordingly, this is not a basis that will likely carry the day for the United States' anticipated motion to dismiss. The argument does not substantiate a discovery stay.

### E. Discovery Is Relevant to Anticipated Motions

The second prong of an inquiry when a party moves to stay discovery pending a dispositive motion is whether discovery is necessary to motion to dismiss. *Pac. Lumber Co. v.*

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED          Case No.: 5:26-cv-02624-VKD
STATES' MOTION TO STAY DISCOVERY

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). "[T]he Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).

Because the United States has not filed a motion to dismiss, neither Plaintiffs nor the Court can know whether discovery will be required to assess it. Regardless, Plaintiffs intend to move for a preliminary injunction, requiring the United States to cease and desist from disclosing Plaintiffs and the class's private information. For the purposes of that motion, Plaintiffs will require evidence showing their claim under the Privacy Act is likely to succeed, including (1) policies and procedures used for redacting victims' private information; (2) investigation reports into the governments failures to protect victims' private information; (3) requests from victims or their counsel (redacted to protect anonymity) to take down their private information; and (4) the response to those requests. Ex. 3.

The United States does not identify a single burden it would face if required to comply with its discovery obligations. In its page-and-a-half argument on this point, the United States copies, word for word, the arguments made by Defendants Google LLC and X.AI Corp. in their joint motion to stay, string-citing cases for generalized theories of burden, rather than pointing to any actual burden it would endure. That is because the discovery Plaintiffs require is minimally burdensome. *See* Ex. 3.

Plaintiffs, on the other hand, must move this case forward through discovery because the harms caused to them and other class members by the United States are severe and ongoing.

> Members of the public who learned of the Class members' identities only because of the DOJ's disclosure used this information to harass, stigmatize, and discriminate against members of the Class, including by making degrading and threatening communications, and by refusing to engage with members of the Class in professional and commercial contexts. These injuries to the Class members' privacy, dignity, emotional well-being, reputations, and economic interests are the natural and foreseeable consequences of the DOJ's disclosure of their identities.

¶ 110. As the Complaint alleges, JANE DOEs 2 and 4 still have private information on the DOJ's Epstein Library website, and face harassment, unwanted contact, threatening

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED          Case No.: 5:26-cv-02624-VKD
STATES' MOTION TO STAY DISCOVERY

communications, intrusive inquiries from strangers, fear for their physical safety and the safety of those close to them, and other imminent harms should their information remain public. ¶¶ 90, 112. Private information of other class members also remains on the site. Plaintiffs' compelling need for discovery far outweighs whatever any speculative or unidentified burdens the United States may assert.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny the United States' unsubstantiated motion to stay discovery.

Dated this July 22, 2026.                Erickson Kramer Osborne LLP


/s/ *Kevin M. Osborne*
Julie C. Erickson
Elizabeth A. Kramer
Kevin M. Osborne
Attorneys for Plaintiffs JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd of July, 2026, the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO STAY DISCOVERY was filed and served using the CM/ECF system, which will serve as notification of such filings on all counsel of record.

/s/*Kevin M. Osborne*
Kevin M. Osborne
ERICKSON KRAMER OSBORNE LLP
959 Natoma St.
San Francisco, CA 94103
Phone: 415-635-0631
kevin@eko.law

Attorneys for Plaintiffs JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5

PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO STAY DISCOVERY

Case No.: 5:26-cv-02624-VKD

10