Jordan A. Hulseberg
Jordan.a.hulseberg2@usdoj.gov
**U.S. Department of Justice**
**Civil Division, Federal Programs Branch**
1100 L St. NW
Washington, DC 20005
Telephone: (202) 598-3856

*Attorney for United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>      v.<br><br>UNITED STATES OF AMERICA, GOOGLE LLC, and X.AI Corp.,<br><br>    Defendants. | Case No. 5:26-cv-02624-VKD<br><br>**DEFENDANT UNITED STATES'**<br>**REPLY IN SUPPORT OF ITS**<br>**MOTION TO STAY DISCOVERY** |

## INTRODUCTION

There is "good cause" to stay discovery pending resolution of the United States' forthcoming motion to dismiss. *Arnold v. Metro. Life Ins. Co.*, 2025 WL 2300440, at *1 (N.D. Cal. July 9, 2025) ("A district court has 'wide discretion in controlling discovery,' and may issue an order staying discovery upon a showing of 'good cause.'"). Despite this good cause, Plaintiffs seek sweeping discovery on the United States in an attempt to buttress their structurally weak claims, offering four arguments that discovery should proceed nonetheless. Each of those arguments is incorrect. First, Plaintiffs argue this Court cannot stay discovery because the United States has not yet filed its motion to dismiss, but it is not uncommon for courts in this District and Circuit to stay discovery based on a forthcoming dispositive motion, and it would be improper for discovery to proceed here, where Plaintiff's complaint fails to plead a plausible claim of relief and the Plaintiffs themselves consented to the briefing schedule for that motion. Second, Plaintiffs argue they have pleaded an intentional or willful violation of the Privacy Act, but they do not meet the Privacy Act's high standard. Third, Plaintiffs have not suffered actual injury resulting from pecuniary harm as required under the Privacy Act. Finally, Plaintiffs contend that discovery should proceed because they can cure their pleading defects by amendment, but a stay in discovery would be appropriate even if this were the case, because any hypothetical amended complaint (and any ruling on the government's motion) would streamline and clarify the issues, making discovery more efficient. The Court should grant the United States' motion and stay discovery pending resolution of its motion to dismiss.

## ARGUMENT

**I.      The Court may stay discovery based on this "preliminary peek" of the Government's forthcoming Motion to Dismiss.**

To begin, Plaintiffs fail to acknowledge the recent clarifying guidance from the Supreme Court that it is "well established" that "[i]n order *to proceed to discovery,* a plaintiff must 'state a claim to relief that is plausible on its face.'" *Hikma Pharm. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1399 (2026) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This

Court must accordingly review the sufficiency of Plaintiffs' allegations, which is most appropriately addressed in the Parties' briefings on a motion to dismiss, *prior to* permitting discovery.

Regardless, Plaintiffs acknowledge that this Court *may* stay discovery when there is a potentially dispositive motion that can be decided without discovery, but Plaintiffs insist that such a motion must already be filed. Plaintiffs are incorrect. It is not unusual for courts in this District or the Ninth Circuit to consider a stay of discovery when they are advised that a forthcoming motion to dismiss may be dispositive of the issues before them. *See*, *e.g.*, *Precision Conversions, LLC v. Mammoth Freighters, LLC*, No. 3:25-CV-01927-AR, 2026 WL 700049 at *6 (D. Or. Mar. 12, 2026) (staying discovery in part due to a forthcoming motion to dismiss); *Ligeri v. Parker*, No. C25-0829-KKE, 2025 WL 2212612 at *2 (W.D. Wash. Aug. 4, 2025) (staying discovery due to a forthcoming motion to dismiss); *Ledwidge v. Fed. Deposit Ins. Corp.*, No. 5:24-CV-08352-BLF, 2025 WL 885845 at *2-*3 (N.D. Cal. Mar. 21, 2025) ("[T]he court must take a 'preliminary peek' at the merits of the pending motion to assess whether a stay is warranted."); *In re ZF-TRW Airbag Control Units Products Liab. Litig.*, No. CV19ML2905JAKPLAX, 2022 WL 19425936 (C.D. Cal. July 13, 2022) (considering a motion to stay discovery based on a forthcoming motion to dismiss); *Soundgarden v. UMG Recordings, Inc.*, No. LACV1905449JAKMRWX, 2020 WL 4342261 at *4 (C.D. Cal. May 11, 2020) (considering a motion to stay discovery based on a preview of a forthcoming motion to dismiss); *see also Taylor v. Amazon.com, Inc.*, No. 2:24-CV-00169-MJP, 2024 WL 4133981 (W.D. Wash. Sept. 10, 2024) (staying discovery based on a forthcoming motion to dismiss). Thus, this Court may use the "preliminary peek" contained in these briefings to determine whether discovery should be stayed.

Indeed, Plaintiffs acknowledge that the Government's forthcoming motion to dismiss will be instructive to this Court in its consideration of whether to stay discovery.[1] *See* Pls.' Opp'n to

---

[1] The Government previously indicated, prior to Plaintiffs' disclosure of their identities, that it may raise additional arguments in its Motion to Stay. In light of Plaintiffs' subsequent disclosure, the United States does not anticipate raising any additional arguments in its Motion to Dismiss than those discussed in Part II*, infra*.

DEFENDANT UNITED STATES'
MOTION TO STAY DISCOVERY

Mot. to Stay at 5, ECF No. 50 ("Defendants may stay discovery in the Northern District when they show that a pending dispositive motion (1) is potentially dispositive of the entire case, and (2) can be decided without discovery."). That concession, alone, is dispositive. Plaintiffs argument—despite this concession—that discovery should commence now, even though a dispositive motion is an appropriate basis to stay discovery, is inequitable and smacks of gamesmanship. The reason the Government's motion to dismiss is not yet pending is that Plaintiffs themselves stipulated to the current briefing schedule in which the Government's deadline to file its motion to dismiss is August 7, 2026, and Plaintiffs' Opposition is not due until 60 days after. *See* Stipulation, ECF No. 39. Plaintiffs cannot argue the Government should have already filed a motion to dismiss when they consented to an extension of that motion's deadline and received a commensurate extension themselves. Plaintiffs also substantially delayed this litigation. Plaintiffs' delay of two-and-a-half months after filing this suit to serve Google or request waiver of service, similar weeks-long delay to serve the United States, failure to name defendant xAI, and delay in sharing Plaintiffs' identities all counsel against any urgent need for discovery prior to briefing a motion to dismiss.[2]

**II.      Plaintiffs still fail to state a plausible claim for relief under the Privacy Act.**

At the outset, Defendants acknowledge the Privacy Act requires the redaction of victim information in the Epstein Library, but the Privacy Act only creates a narrow waiver of sovereign immunity. *See* 5 U.S.C. § 552a(g)(4)(A). Plaintiffs must allege an "intentional or willful" disclosure that results in "actual damages." *Id.* Plaintiffs have not plausibly done so here.

**a.     Plaintiffs do not plausibly allege an intentional or willful disclosure of Plaintiffs' personal information**

Plaintiffs cite to *Andrews v. Veterans Admin. of U.S.*, 838 F.2d 418, 425 (10th Cir. 1988), describing the "intentional or willful" standard to be "at the very least, reckless behavior." But that language only tells half the story. As both *Andrews,* Ninth Circuit case law, and D.C. Circuit case

---

[2] If the Court wishes to review the United States' motion to dismiss prior to ruling on the instant Motion to Stay Discovery, the United States respectfully requests that the Court toll any intervening deadlines for production requests until the Parties fully brief its motion to dismiss.

5:26-cv-02624-VKD

DEFENDANT UNITED STATES'
MOTION TO STAY DISCOVERY

law explain, "intentional or willful" disclosure requires more.

> [D]efinitions of willful or intentional . . . contemplate action *so 'patently egregious and unlawful'* that *anyone undertaking the conduct should have known it 'unlawful,'* or conduct committed 'without grounds for believing it to be lawful' or action '*flagrantly disregarding others' rights* under the Act,' . . . . Those, and similar definitions, describe *conduct more extreme than gross negligence*.

*Andrews*, 838 F.2d at 425 (quoting *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (internal citations omitted) (emphasis added); *see Covert v. Harrington,* 876 F.2d 751, 757 (9th Cir.1989) (describing the same standard). Plaintiffs do not overcome this "high hurdle." *See Stafford v. Soc. Sec. Admin.*, 437 F. Supp. 2d 1113, 1121 (N.D. Cal. 2006).

Here, Plaintiffs point to "pages of facts" to support their claim of "intentional or willful" disclosure. Pls. Opp'n to Mot. to Stay at 7 (citing Am. Compl. ¶¶ 44-53). But as the United States explained, Plaintiffs only point to alleged mistakes that could be expected in an unprecedented congressionally mandated disclosure—the largest and quickest ever performed. Even still, the Government took steps to remediate inadvertent disclosures by creating a unique email address that victims and members of the public could contact to identify and request the removal of victim information. *See* Am. Compl. ¶¶ 48-49. The Government removed numerous documents from the Epstein Library after becoming aware of victims' information, of which this Court may take judicial notice. *Natl. Urb. League v. Ross*, 508 F. Supp. 3d 663, 678 n.2 (N.D. Cal. 2020) ("The Court may take judicial notice of matters that are . . . generally known within the trial court's territorial jurisdiction."); *see* Jessica Rawnsley, *Thousands of Epstein documents taken down after victims identified*, BBC, (Feb. 4, 2026) https://perma.cc/8QNW-TFXD. And more recently, the Government has taken steps to remove Plaintiffs' information from the Epstein Library after Plaintiffs transmitted their identities and requested redactions to undersigned counsel. Plaintiffs likewise point to atmospheric statements from Justice Department officials on the need for "maximum transparency" expeditiousness, and its ilk, but again, these statements represented the

5:26-cv-02624-VKD

DEFENDANT UNITED STATES'
MOTION TO STAY DISCOVERY

expectations and principles Congress enshrined in EFTA. *See* EFTA § 2(a).[3]

None of Plaintiffs' allegations demonstrates the Government's actions were "*so patently egregious and unlawful* that *anyone undertaking the conduct should have known it unlawful,*" or acted "without grounds for believing it to be lawful . . . *flagrantly disregarding others' rights.*" *Andrews*, 838 F.2d at 425 (quoting *Laningham*, 813 F.2d at 1242). To the contrary, these facts demonstrate the Government made efforts to prevent inadvertent disclosures in the face of a herculean task, even if it made mistakes along the way.

> **b. Plaintiffs do not plausibly allege actual injury that resulted in pecuniary harm.**

The United States is liable for "actual damages" stemming from "intentional or willful" disclosures in violation of the Privacy Act. 5 U.S.C. § 552a(g)(4)(A). The Supreme Court "adopt[ed] an interpretation of 'actual damages' limited to proven pecuniary or economic harm." *F.A.A. v. Cooper*, 566 U.S. 284, 299 (2012). "To do otherwise would expand the scope of Congress' sovereign immunity waiver beyond what the statutory text clearly requires." *Id.*

Here, Plaintiffs claim they incurred economic losses "including costs associated with changing their phone numbers and other contact information, identity monitoring and cybersecurity measures, legal fees, lost time, lost income, and diminished earning capacity" among a host of other non-pecuniary harm. Am. Compl. ¶ 90. Nowhere else in their Complaint do Plaintiffs detail these losses or explain how they relate to the Government's alleged disclosure of their personal information in violation of the Privacy Act. These threadbare allegations do not "raise a right to relief above the speculative level[.]" *See Twombly*, 550 U.S. at 545. Accordingly, Plaintiffs fail to state a plausible claim for relief under the Privacy Act.

---

[3] Nor is there a factual dispute preventing dismissal of Plaintiffs' Privacy Act claim as they suggest. Pls.' Opp'n to Mot. to Stay at 7. Though Plaintiffs continue to insist the Government "refused" to take down victim information after victims submitted requests, Pls.' Opp'n to Mot. to Stay at 1-2, 7, the material facts are undisputed—the Justice Department did not take down certain victim information. Whether that conduct amounts to a "refusal" and, by extension, a "flagrant disregard" of individuals' rights goes to the ultimate *legal* question of this litigation, not a factual one.

DEFENDANT UNITED STATES'
MOTION TO STAY DISCOVERY

**c. A stay of discovery is appropriate even if the Court finds the deficiency in Plaintiffs' pleadings can be cured through amendment.**

Contrary to Plaintiffs' arguments, *see* Pls.' Opp'n to Mot. to Stay at 5, this Court may stay discovery when it "furthers the goal of efficiency for the court and the litigants[,]" even when a plaintiff may amend his complaint. *U.S. v. Dynamic Med. Sys. LLC*, No. 117CV01757JLTSAB, 2023 WL 1995522 (E.D. Cal. Feb. 14, 2023); *see Fatai v. City and Cnty. Honolulu*, No. CV 19-00603 DKW-WRP, 2021 WL 12356394 at *3 (D. Haw. Feb. 5, 2021) (permitting a stay of discovery pending a motion to dismiss due to factual deficiencies in the plaintiffs' complaint, notwithstanding plaintiff's ability to amend).

Here, a stay of discovery "furthers the goal of efficiency for the court and litigants" even if Plaintiffs file a second amended complaint to cure deficiencies in their Amended Complaint. While the Government contends Plaintiffs will be unable to cure such deficiencies, if the Court finds Plaintiffs have cured such deficiencies in a second amended complaint, the discovery process will be streamlined. Plaintiffs will have more clearly outlined the relevancy and proportionality of the documents they seek in their second amended complaint, which may affect the permissible scope of discovery and the Government's responses and/or objections to Plaintiffs' discovery requests.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court stay discovery against it until the Court has resolved the United States' forthcoming motion to dismiss.

Dated: July 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Jordan A. Hulseberg*
JORDAN A. HULSEBERG

D.C. Bar No. 90033542
Trial Attorney
United States Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

Phone: (202) 598-3856
Fax: (202) 616-8470
Email: jordan.a.hulseberg2@usdoj.gov

*Counsel for United States*

7