UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JANE DOE 1, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No. 26-cv-02624-VKD

**ORDER GRANTING GOOGLE/X.AI'S MOTION TO STAY DISCOVERY AND DENYING THE UNITED STATES' MOTION TO STAY DISCOVERY**

Re: Dkt. Nos. 46, 47

Defendants Google LLC ("Google"), and x.AI Corp. ("xAI") jointly move to stay discovery pending resolution of their joint Rule 12(b)(6) motion to dismiss all claims asserted against them in this action. Dkt. Nos. 46, 56. Defendant the United States separately moves for an order staying discovery pending resolution of its own Rule 12(b)(6) motion to dismiss. Dkt. Nos. 47, 55. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court grants Google and xAI's motion to stay discovery and denies the United States' motion to stay discovery.

## I. BACKGROUND

Plaintiffs, who are proceeding under the pseudonyms Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, and Jane Doe 5 (collectively "plaintiffs"), filed this action against the United States, Google, and xAI. Plaintiffs sue for themselves and on behalf of a proposed class of "[a]ll Jeffrey Epstein victims whose private information, including their name, photographic image, telephone number, email address, physical address, or place of residence, was disclosed without their consent in unredacted documents released by the United States between December 2025 and the present." Dkt. No. 16 ¶ 95. The operative amended complaint alleges that in "late 2025 and early

2026, the U.S. Department of Justice ("DOJ") outed approximately 100 victims of the convicted sexual predator, publishing their private information and identifying them to the world." *Id.* ¶ 2. Plaintiffs further allege that "[e]ven after the government acknowledged the disclosure violated the rights of the victims and withdrew most of the information, artificial intelligence products like Google's AI Mode and xAI's Grok, continue to republish it, refusing victims' pleas to take it down." *Id.* Plaintiffs' sole claim against the United States is for violation of the Privacy Act of 1974, 5 U.S.C. § 552a(b) and § 552(g)(1)(D). *Id.* ¶¶ 103-112. Plaintiffs assert several claims under California law and common law against both Google and xAI for violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*), invasion of privacy, negligence, and negligent infliction of emotional distress. *Id.* ¶¶ 113-200. Plaintiffs seek injunctive relief, compensatory damages, statutory damages, punitive damages, reasonable attorneys' fees and costs, as well as pre- and post-judgment interest. *Id.* at 48.[1]

Defendants' motions to dismiss have not yet been fully briefed.[2] They are set for hearing on November 17, 2026. *See* Dkt. Nos. 58, 59.[3] Defendants maintain that their motions to dismiss are potentially dispositive of the entire case, and that staying discovery will conserve resources and will not prejudice plaintiffs. Plaintiffs oppose defendants' motions to stay discovery. Dkt. Nos. 49, 50. However, if the Court is inclined to stay discovery, plaintiffs request that the Court nonetheless require defendants to answer the discovery that plaintiffs have already served.[4]

---

[1] For filed documents, pin citations refer to the page number appearing in the ECF document header.

[2] The Court is not persuaded that defendants' motions to stay discovery should be denied as premature. Although defendants' motions to stay discovery preceded the filing of their respective motions to dismiss, defendants' motions to dismiss have now been filed. While the motions to dismiss have not yet been fully briefed, the present record is sufficient for the Court to take a "preliminary peek" at the merits of those motions and determine whether there is good cause for a stay of discovery.

[3] The Court refers to the United States' corrected motion to dismiss filed at Dkt. No. 59.

[4] The parties' filings indicate that plaintiffs have served each of the defendants with a set of requests for production. *See* Dkt. No. 46 at 7; Dkt. No. 47 at 3.

## II. LEGAL STANDARD

A district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and "may, for good cause, issue an order to protect a party or person from . . . undue burden or expense," including by staying discovery, Fed. R. Civ. P. 26(c)(1). Good cause for staying discovery may exist when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe,* 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Reveal Chat Holdco, LLC v. Facebook, Inc*., No. 20-cv-00363-BLF, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020) (staying discovery where court is convinced plaintiff will be unable to state a claim "'furthers the goal of efficiency for the court and the litigants.'") (citation omitted). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citation omitted).

In determining whether to grant a stay of discovery pending resolution of a dispositive motion, courts in this district consider two factors: (1) whether the pending motion is "'potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed'" and (2) "'whether the pending motion can be decided absent additional discovery.'" *Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, No. 24-cv-03567-BLF, 2024 WL 4981090, at *1 (N.D. Cal. Dec. 4, 2024) (quoting *Reveal Chat*, 2020 WL 2843369, at *2); *see also Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-cv-01315-JSW, 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019) (same). In evaluating these factors, courts "'must take a 'preliminary peek' at the merits of the pending motion to assess whether a stay is warranted.'" *Teva Pharms.*, at *1 (quoting *Reveal Chat*, 2020 WL 2843369, at *2).

## III. DISCUSSION

### A. Google/xAI Motion to Stay Discovery

Google and xAI argue that their joint motion to dismiss is potentially dispositive of all of plaintiffs' claims against them, without any need for discovery to resolve the motion to dismiss. Specifically, Google and xAI each contend that plaintiffs' claims are independently barred by

affirmative defenses based on the Communications Decency Act, 47 U.S.C. § 230 ("Section 230") and the First Amendment to the U.S. Constitution. *See* Dkt. No. 46 at 8-12, 16-17; Dkt. No. 56 at 7-9. Google and xAI argue that plaintiffs' allegations focus on the form in which content published by others is provided on their respective platforms, and that plaintiffs do not allege that Google and xAI materially contributed to the illegal nature of the content at issue—i.e., plaintiffs' private information. Dkt. No. 46 at 10-11; Dkt. No. 56 at 7-8. They also argue that the First Amendment protects their decisions to publish truthful information in the public record, as well as their exercise of editorial discretion in selecting search results. Dkt. No. 46 at 11-12; Dkt. No. 56 at 8-11. Google and xAI argue that plaintiffs' amended complaint fails, in any event, to plausibly allege viable claims for relief. *See* Dkt. No. 46 at 13-15; Dkt. No. 56 at 12-14.

Plaintiffs argue that Section 230 does not extend to the Google and xAI content at issue and that the First Amendment does not protect the disclosures of victims' personal information, either initially or on a continuing basis, because Google and xAI "generate" content when their AI products respond to a query with a "single, conversational answer" or a "coherent and contextually relevant response[]." *See* Dkt. No. 49 at 13 (citing Dkt. No. 16 ¶¶ 55, 71). Plaintiffs further argue that Google and xAI have not otherwise demonstrated that a stay of discovery is warranted. *See* Dkt. No. 49.

With respect to the first factor, the Court finds that the two affirmative defenses Google and xAI rely upon in their joint motion to dismiss are potentially dispositive of all claims plaintiffs assert against them and that Google and xAI may prevail on their motion based on the current allegations of the operative complaint.

With respect to the second factor, the Court finds that Google's and xAI's joint motion to dismiss may be decided without additional discovery. When considering the joint motion, the Court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). As plaintiffs acknowledged at the hearing, defendants do not rely on matters outside the pleadings in support of their joint motion, and plaintiffs did not identify any particular discovery they require to oppose the motion. *See* Dkt. No. 67 at 35:12-36:17. The factual allegations of the amended complaint are

sufficient for the Court to assess the parties' respective positions and decide the joint motion to dismiss, without the need for additional discovery.

Google and xAI have shown good cause to stay discovery, at least pending the hearing on their joint motion to dismiss.

**B. United States' Motion to Stay Discovery**

The United States contends that a stay of discovery is warranted, arguing that its motion to dismiss may dispose of plaintiffs' Privacy Act claim, without the need for any discovery to resolve that motion. The United States argues that the Epstein Files Transparency Act ("EFTA"), Pub. L. 119–38, 139 Stat. 656, required the DOJ to release, within a 30-day period, millions of pages of documents from the DOJ's investigation of Mr. Epstein. The United States further argues that the EFTA granted the Attorney General discretion to disclose or redact victims' personally identifiable information. While acknowledging that inadvertent disclosures of victims' identifying information was "foreseeable," the United States contends that plaintiffs do not plausibly allege the "intentional or willful" conduct necessary to obtain monetary relief against the United States for a Privacy Act violation under 5 U.S.C. § 552a(g)(4). *See* Dkt. No. 47 at 3-5. The United States also maintains that plaintiffs have not plausibly alleged actual injury that resulted in pecuniary harm. *See* Dkt. No. 47 at 6; Dkt. No. 55 at 5-6.

Plaintiffs argue that the EFTA does not shield the United States from liability and that their amended complaint plausibly alleges the intentional disclosure of plaintiffs' private information. Dkt. No. 50.

With respect to the first factor, the Court cannot conclude that the United States' motion to dismiss is likely dispositive of the Privacy Act claim asserted against it. An agency acts in violation of the Privacy Act in an intentional or willful manner "either by committing the act without grounds for believing it to be lawful, or flagrantly disregarding others' rights under the Act." *Covert v. Harrington,* 876 F.2d 751, 757 (9th Cir.1989). This is a fact-intensive inquiry. *See, e.g., Stafford v. Soc. Sec. Admin.*, 437 F. Supp. 2d 1113, 1122 (N.D. Cal. 2006) (denying summary judgment). Given the allegations in the amended complaint, the Court finds that the United States has not shown that its motion is potentially dispositive.

With respect to the second factor, the Court finds that plaintiffs do not require discovery in order to oppose the United States' motion to dismiss. However, plaintiffs have identified several categories of discovery that are likely relevant to their Privacy Act claim, including information necessary to identify members of the putative class and information bearing on the question of whether the conduct at issue was intentional or willful. Plaintiffs persuasively argue that this information is solely within the possession, custody, or control of the United States. *See* Dkt. No. 50 at 13-14; Dkt. No. 67 at 60:12-65:1.

The United States has not shown good cause to stay discovery pending resolution of its motion to dismiss.

## IV. CONCLUSION

Based on the foregoing, the Court grants Google and xAI's joint motion to stay discovery until the hearing on their joint motion to dismiss. At that time, Google and/or xAI may orally request an extension of the stay of discovery, if they believe a further stay is appropriate. The Court denies the United States' motion to stay discovery.

**IT IS SO ORDERED.**

Dated: September 28, 2026

Virginia K. DeMarchi
United States Magistrate Judge